UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE HOUSTON a/k/a TYRONE BLACK,

                    Plaintiff,

             -against-

MICHAEL CAPRA, Individually, and as
Superintendent ["Supt."] of Sing Sing
Correctional Facility ["Corr. Fac."], et al.,

                    Defendants.

7:20-CV-2135 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

      Plaintiff, currently incarcerated in the Fishkill Correctional Facility, brings this *pro se* action asserting that the defendants have violated his federally protected rights. He seeks damages, declaratory relief, as well as immediate and permanent injunctive relief. He sues executive officials of the New York State Department of Corrections and Community Supervision ("DOCCS"), as well as officials assigned to the Sing Sing and Fishkill Correctional Facilities, including an unidentified ("Jane/John Doe") defendant assigned to Fishkill. He requests that the Court appoint him *pro bono* counsel. (ECF 4, at 30-34.) And he has applied for what the Court understands to be a temporary restraining order and a preliminary injunction ("TRO application"). (*See id.* at 1-30.)

      By order dated April 3, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

      The Court directs service on the identified defendants. The Court also directs the identified defendants to comply with Local Civil Rule 33.2 within 120 days of service of the

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint. The Court further directs the Attorney General of the State of New York to provide to Plaintiff and the Court the identity, service address, and if appropriate, the badge number of the unidentified defendant. The Court additionally denies Plaintiff's request for the appointment of *pro bono* counsel without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date. The Court denies Plaintiff's TRO application without prejudice to Plaintiff's applying again for such relief at a later date.

## DISCUSSION

**A.      Service on the identified defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the identified defendants until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve the identified defendants until 90 days after the date that summonses for those defendants are issued. If the complaint is not served on the identified defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the

Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the identified defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for the identified defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, the identified defendants must serve responses to those standard discovery requests. In their responses, the identified defendants must quote each request verbatim.[2]

**C.      Unidentified defendant**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the unidentified defendant. He or she is a Fishkill official who, on December 23, 2019, instructed Plaintiff to carry draft bags upstairs and from "4/2 housing to C-Center housing" at Fishkill. (ECF 2, at 22.) Plaintiff

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

describes this individual as a "movement and control in-house prison official for Fishkill C.F." on December 23, 2019. (*Id.* at 1.) It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identity of the unidentified defendant whom Plaintiff seeks to sue here, as well as the address where he or she may be served, and if appropriate, his or her badge number. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendant and directing him or her to comply with Local Civil Rule 33.2.

**D.      Request for the appointment of *pro bono* counsel**

The factors to be considered in ruling on an indigent plaintiff's request for *pro bono* counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor [that] command[s] the most attention." *Cooper*, 877 F.2d at 172. And even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

4

Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies Plaintiff's request for the appointment of *pro bono* counsel (ECF 4, at 30-34) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

## E.    TRO application

Plaintiff seeks a temporary restraining order and a preliminary injunction with respect to the conditions of his confinement, specifically, the frequency, adequacy, and type of medical treatment he is receiving; the food that he is being served; the alleged injuries to his litigation caused by his lack of access to a prison law library; his transfers to the Sing Sing and Fishkill Correctional Facilities; and his being forced to walk without a permitted cane. (ECF 4, at 1-30.)

To obtain the relief Plaintiff seeks in his TRO application, he must allege sufficient facts to show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See, e.g.*, *UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011); *Patrick v. Local 51, Am. Postal Workers Union, AFL-CIO*, No. 19-CV-10715, 2020 WL 703392, at *2 (S.D.N.Y. Feb. 11, 2020). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

At this initial stage of litigation, Plaintiff's allegations are insufficient to show a likelihood of success on the merits of his claims, or sufficiently serious questions going to the merits of his claims and a balance of hardships tipping in his favor. The Court therefore denies

Plaintiff's TRO application without prejudice to Plaintiff's applying again for such relief at a later date.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court denies Plaintiff's request for the appointment of *pro bono* counsel without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date. (ECF 4, at 30-34.)

The Court also denies Plaintiff's TRO application without prejudice to Plaintiff's applying again for such relief at a later date. (*See id.* at 1-30.) The Court directs the Clerk of Court to terminate ECF 4.

The Court further directs the Clerk of Court to issue summonses for Defendants Michael Capra, S. Henton, C. Vasquez, Anthony J. Annucci, Anne Marie McGrath, John Morley, Stephen Maher, Jeff McKoy, Ruth Brown, Leon A. Pralatowski, Katie Ngbodi, Samone L. Dinkins, Correctional Sergeant Campbell, Correctional Officer Bailey, Correctional Officer Ortiz, Correctional Sergeant Valez, Correctional Officer Simannelia, Q. Quick, Sally A. Reams, Leroy Fields, and Stephen Urbanski; complete USM-285 forms with the service addresses for those defendants; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court directs Defendants Michael Capra, S. Henton, C. Vasquez, Anthony J. Annucci, Anne Marie McGrath, John Morley, Stephen Maher, Jeff McKoy, Ruth Brown, Leon A. Pralatowski, Katie Ngbodi, Samone L. Dinkins, Correctional Sergeant Campbell, Correctional Officer Bailey, Correctional Officer Ortiz, Correctional Sergeant Valez, Correctional Officer

Simannelia, Q. Quick, Sally A. Reams, Leroy Fields, and Stephen Urbanski to comply with Local Civil Rule 33.2 within 120 days of service of the complaint.

The Court additionally directs the Clerk of Court to mail a copy of this order and the complaint to the Attorney General of the State of New York at 28 Liberty Street, 15th Floor, New York, New York 10005.

An amended civil rights complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     April 3, 2020
           White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Michael Capra, Superintendent
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

2. S. Henton, Deputy Superintendent
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

3. C. Vasquez, Nurse Administrator
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

4. Anthony J. Annucci, Acting Commissioner
   New York State Department of Corrections and Community Supervision
   Harriman State Campus – Building 2
   1220 Washington Avenue
   Albany, NY 12226-2050

5. Anne Marie McGrath, Deputy Commissioner
   New York State Department of Corrections and Community Supervision
   Harriman State Campus – Building 2
   1220 Washington Avenue
   Albany, NY 12226-2050

6. John Morley, Deputy Commissioner
   New York State Department of Corrections and Community Supervision
   Harriman State Campus – Building 2
   1220 Washington Avenue
   Albany, NY 12226-2050

7. Stephen Maher, Chief Special Investigator
   Office of Special Investigations
   New York State Department of Corrections and Community Supervision
   Harriman State Campus – Building 2
   1220 Washington Avenue
   Albany, NY 12226-2050

8. Jeff McKoy, Deputy Commissioner
   New York State Department of Corrections and Community Supervision
   Harriman State Campus – Building 2
   1220 Washington Avenue
   Albany, NY 12226-2050

9. Ruth Brown, Nurse
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508-0307

10. Leon A. Pralatowski, Pharmacy Supervisor
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, NY 12508-0307

11. Katie Ngbodi, Physician's Assistant
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, NY 12508-0307

12. Samone L. Dinkins, Correctional Officer
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, NY 12508-0307

13. Correctional Sergeant Campbell
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, NY 12508-0307

14. Correctional Officer Bailey
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562-5442

15. Correctional Officer Ortiz
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562-5442

16. Correctional Sergeant Valez
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562-5442

17. Correctional Officer Simannelia
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, NY 12508-0307

18. Q. Quick, Inmate Grievance Supervisor
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562-5442

19. Sally A. Reams, Inmate Grievance Supervisor
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, NY 12508-0307

20. Leroy Fields, Superintendent
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, NY 12508-0307

21. Stephen Urbanski, Deputy Superintendent
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, NY 12508-0307

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

# COMPLAINT
## (Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                              Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 2:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 3:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 4:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

First Name _____ Middle Initial _____ Last Name _____

Prison Address _____

County, City _____ State _____ Zip Code _____

Date on which I am delivering this complaint to prison authorities for mailing: _____