UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRONE HOUSTON a/k/a TYRONE BLACK,

                    Plaintiff,

-against-

MICHAEL CAPRA, Individually, and as Superintendent ["Supt."] of Sing Sing Correctional Facility ["Corr. Fac."], et al.,

                    Defendants.

7:20-CV-2135 (VB)

SECOND AMENDED ORDER OF SERVICE

---

VINCENT L. BRICCETTI, United States District Judge:

    Plaintiff, currently incarcerated in the Fishkill Correctional Facility, brings this *pro se* action asserting that the defendants have violated his federally protected rights. He sues executive officials of the New York State Department of Corrections and Community Supervision ("DOCCS"), as well as officials assigned to the Sing Sing and Fishkill Correctional Facilities.

    By order dated April 3, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed,

---

[1]     Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Plaintiff is proceeding IFP and could not have served a summons and the complaint on C.O. Cimminelli until the Court reviewed the complaint and ordered that the summons be issued for that defendant. The Court therefore extends the time to serve C.O. Cimminelli until 90 days after the date that a summons for that defendant is issued. If the complaint is not served on C.O. Cimminelli within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service through the U.S. Marshals Service on defendant C.O. Cimminelli—who counsel for certain defendants identified in her letter, dated August 11, 2020, (Doc. #48)—the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for C.O. Cimminelli. The Clerk of Court is further instructed to issue a summons for C.O. Cimminelli and deliver to the U.S. Marshals Service all of the paperwork necessary for the U.S. Marshals Service to effect service on C.O. Cimminelli.

Because plaintiff has identified C.O. Cimminelli in his complaint (*see* Doc. #2), plaintiff need not file an amended complaint naming C.O. Cimminelli

Plaintiff is reminded of his continuing obligation to update the Court in writing if his address changes.  Plaintiff's failure to do so may result in dismissal for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b).

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff. The Clerk is instructed to complete the USM-285 forms with the address for C.O. Robert Cimminelli and deliver all documents necessary to effect service on defendant to the U.S. Marshals Service. The Court further directs the Clerk of Court to issue a summons for defendant C.O. Robert Cimminelli.

The Court directs defendant C.O. Robert Cimminelli to comply with Local Civil Rule 33.2 within 120 days of service of the complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 11, 2020
         White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. C.O. Robert Cimminelli
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508-0307