Copies Mailed/Faxed 10/2/20
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TYRONE HOUSTON,
          Plaintiff,

v.

MICHAEL CAPRA, Individually, and as
superintendent of Sing Sing Correctional
Facility; S. HENTON, Individually, and as
deputy superintendent for health services for
Sing Sing C.F.; C. VASQUEZ, Individually,
and as a Nurse Administrator for Sing Sing
C.F.; ANTHONY ANNUCCI; ANNE MARIE
MCGRATH; JOHN MORLEY; STEPHEN
MAHER; JEFF MCKOY; RUTH BROWN;
LEON A. PRALATOWSKI; SAMONE L.
DINKINS; CAMPBELL, Individually, and as
prison guard Sgt. for Fishkill C.F.; BAILEY,
Individually and as prison guard for A Block
(OIC relieve) for Sing Sing C.F.; ORTIZ
Individually, and as Prison Guard for Sing Sing
C.F.; VALEZ; C.O. ROBERT CIMMINELLI;
Q. QUICK; SALLY A. REAMS; LEROY
FIELDS; STEPHEN URBANSKI;
LIEUTENANT PERKINS,
          Defendants.
-----------------------------------------------------------x



**ORDER**

20 CV 2135 (VB)

    On September 29, 2020, the Court received a letter from plaintiff requesting that the Court stay its decision on defendants' motion to dismiss until plaintiff has the opportunity to file a sur-reply based on newly discovered evidence, and because plaintiff has not yet received copies of that evidence. (See Doc. #57).

    The Court construes plaintiff's request as one to file a sur-reply to defendants' reply. Plaintiff's request is DENIED without prejudice because it is premature. Defendants' have not yet filed their reply to plaintiff's opposition to the pending motion to dismiss. Pursuant to the Court's September 23, 2020, order (Doc. #56), defendants' deadline to file their reply to plaintiff's opposition is October 14, 2020. If plaintiff wishes to request leave to file a sur-reply after receiving defendants' reply, he may request such leave by filing a letter with the Court.

    Additionally, plaintiff seeks the opportunity to submit newly discovered evidence as part of a sur-reply. The Court reminds plaintiff that the submission of evidence in response to a motion to dismiss is improper, because the only issue is whether the complaint states a claim for relief. See, e.g., Cumis Ins. Soc., Inc. v. Citibank, N.A., 21 F. Supp. 1100, 1104 (S.D.N.Y. 1996). For the Court to consider matters outside the complaint in deciding the motion to dismiss, it would need to convert defendants' motion into a motion for summary judgment. See Kopec v. Coughlin, 922 F.2d 152, 154–55 (2d Cir. 1991). The Court declines to do so at this time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: October 1, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge