UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TYRONE HOUSTON a/k/a
TYRONE BLACK,
                Plaintiff,

v.

MICHAEL CAPRA, Individually, and as
Superintendent of Sing Sing Correctional
Facility, et al.,
                Defendants.
-----------------------------------------------------------x

**THIRD AMENDED
ORDER OF SERVICE**

20 CV 2135 (VB)

    Plaintiff, currently incarcerated in the Fishkill correctional facility, proceeding pro se and in forma pauperis, brings claims for violations of his constitutional rights.

    Plaintiff filed the original complaint in this action on March 9, 2020. In his original complaint, plaintiff asserted claims against a number of New York State Department of Corrections and Community Supervision ("DOCCS") officials, and staff assigned to both Sing Sing and Fishkill Correctional Facilities, including several unidentified ("Jane/John Doe") defendants.

    On January 15, 2021, plaintiff sought leave to amend his complaint, and on January 19, 2021, the Court granted plaintiff's request. Plaintiff filed his amended complaint on April 26, 2021. In the amended complaint, plaintiff asserts claims against the same defendants sued in his original complaint; he also adds claims against a number of new identified and unidentified defendants.

1

## DISCUSSION

A. **Service on the Identified Defendants**

By order dated April 3, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1] Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court also extends the time to serve the amended complaint until 90 days after the date the summonses are issued. If the complaint is not served within that time, plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. See 28 U.S.C. § 1915(b)(1).

2

To allow Plaintiff to effect service on the newly-added defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the defendants listed in the appendix to this Order. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the new defendants.[2]

In addition, the Court notes the Clerk erroneously terminated defendants "Correctional Officer Baily—steady relieve female officer for A-Block in 2018-2019 at Sing Sing" and Stephen Urbanski from the docket. The Clerk is instructed to re-add those defendants to the action.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, defendants must serve responses to these standard discovery requests. In their responses, defendants must quote each request verbatim.[3]

---

[2]     The Court is not directing the Clerk of Court to issue summonses on those defendants who have already been served and on whose behalf the New York Attorney General's Office has entered an appearance. To be clear, this Order of Service lists only the defendants newly added to this action in plaintiff's amended complaint. No other defendants need be served with the Amended Complaint because electronic notice of its filing was provided to the attorney appearing on their behalf. (See Doc. #79 (stating notice was electronically mailed to AAG J. Powers)).

[3]     If plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

C.  **Unidentified Defendants**

Under Valentin v. Dinkins, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, plaintiff may supply sufficient information to permit DOCCS to identify the following newly-added unidentified defendants:

1. "John Doe, as S200 Special Housing Unit Sgt. For 1/9/21, at 6:30AM—2:30PM tour," described in paragraph 61 of the amended complaint, (Doc. #79 at ECF 22);

2. "Davis, individually and as 1/6/21 COVID-19 test nurse for Fishkill [Correctional Facility]."

It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of DOCCS, shall ascertain the identity and badge number (if applicable) of each John or Jane Doe whom plaintiff seeks to sue here and the address where each may be served. The New York State Attorney General shall provide this information to plaintiff and the Court within sixty days of the date of this order.

Because there is only one fully unidentified John Doe defendant in the amended complaint, plaintiff need not file a second amended complaint naming the John Doe defendant.

## CONCLUSION

The Court directs the Clerk of Court to complete the USM-285 form with the addresses for the listed defendants and deliver all documents necessary to effect service on those defendants the U.S. Marshals Service.

Chambers will mail a copy of this Order to plaintiff at the address on the docket. Plaintiff is reminded to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: April 30, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

APPENDIX

1. Shelley Mallozzi, Director of Inmate Grievance Program
   New York State Department of Corrections and Community Supervision
   Harriman State Campus – Building 2
   1220 Washington Ave
   Albany, NY 12226-2050

2. James O'Gorman, Deputy Commissioner for Correctional Facilities
   New York State Department of Corrections and Community Supervision
   Harriman State Campus – Building 2
   1220 Washington Ave
   Albany, NY 12226-2050

3. Akinola Akinyombo, Deputy Superintendent for Health Services
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508-0307

4. M. Becker, Nurse Administrator
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508-0307

5. Emily Williams, First Deputy Superintendent/Acting Superintendent
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508-0307

6. Edward Burnett, Superintendent
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508-0307

7. S. Frost, Deputy Superintendent for Administration
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508-0307

8. Sergeant C. Dyson
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508-0307

9. Correctional Officer Lilana Kinney,
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508-0307

10. Captain A. Washer
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, NY 12508-0307

11. Eric A. Flores, Control Prison Official
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, NY 12508-0307

12. Davis, Nurse
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, NY 12508-0307

13. Mitchell G. Lake, Director of Mental Health Program
    New York State Department of Corrections and Community Supervision
    Harriman State Campus – Building 2
    1220 Washington Ave
    Albany, NY 12226-2050

14. Sandra Amoia, Deputy Commissioner for Correctional Facilities
    New York State Department of Corrections and Community Supervision
    Harriman State Campus – Building 2
    1220 Washington Ave
    Albany, NY 12226-2050

15. Correctional Officer K. Williams
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, NY 12508-0307

16. Margaret A. Cieprisz, Investigator Assistant Attorney General
    New York State Office of the Attorney General
    One Civic Center Plaza, Suite 401
    Poughkeepsie, NY 12601-3157